# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>JEREMY THOMAS STEVENS,<br><br>Petitioner. | No. 50677-7-II<br><br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — Jeremy Stevens seeks relief from personal restraint resulting from his 2014 convictions for three counts of second degree rape of a child and one count of sexual exploitation of a minor. We issued the mandate of his direct appeal on July 6, 2016, making his May 26, 2017 petition timely filed. RCW 10.73.090(3)(b).

First, Stevens argued that he received ineffective assistance of trial counsel when he did not communicate a plea offer and did not explain the risk of not taking a plea offer. But after a reference hearing ordered by this court, Stevens withdrew his claim of ineffective assistance of counsel.

Second, Stevens argues that the following community custody conditions should be stricken because they are not crime-related:

(3      Not consume alcohol or controlled substances except pursuant to lawfully issued prescriptions;

(4      While in community custody not unlawfully possess controlled substances;

. . . .

15.      Shall not own, use or possess explosives, dangerous weapons, sexually explicit material, alcoholic beverages and/or illegal drugs and shall stay out of places where alcohol is the chief of sale.

. . . .

21.      Shall have prior approval from his [community corrections officer] before entering into any intimate relationship.

. . . .

23.     Shall not have computer/internet access.

Pet., Ex. 1, App. H at 2.

The trial court was required to impose condition 3 under RCW 9.94A.703(2)(c). The trial court had the authority to impose condition 4, irrespective of whether the consumption of alcohol was related to Stevens's crimes, under RCW 9.94A.703(3)(e). And the trial court had the authority to impose condition 21 as a crime-related prohibition under RCW 9.94A.703(f) because he came into contact with his victims through a social relationship. *State v. Kinzle*, 181 Wn. App. 774, 785, 326 P.3d 870 (2014). But the State concedes that condition 15 should be modified to provide that Stevens "may [not] own, use, or possess firearms or ammunition" because that prohibition is required by former RCW 9.94A.706 (2008), but the remainder of condition 15 are not crime-related prohibitions. And the State concedes that condition 23 must be stricken because it is not crime-related.

Third, Stevens argues that condition 24, which provided that he "[s]hall not possess or view pornography," Pet., Ex. 1, App. H at 2, is unconstitutionally vague under *State v. Bahl*, 164 Wn.2d 739, 758, 193 P.3d 678 (2008). The State concedes that Stevens is correct and that condition 24 should be stricken.

Fourth, Stevens argues that the condition in his supervision schedule that he "[s]ubmit to . . . plethysomograph exams at his own expense," Pet., Ex. 1 at 6, is unconstitutional. The State concedes that because the trial court did not order Stevens to undergo sexual deviancy treatment, this condition should be stricken.

Fifth, Stevens argues that the box in the supervision schedule stating that "[a]ll conditions recommended in the Pre-Sentence Investigation are incorporated herein," Pet., Ex. 1 at 6, was

incorrectly checked because his conditions are set out in appendix H to the judgment and sentence. He is correct and that error should be corrected by the trial court.

Sixth, Stevens argues that the imposition of a $500 fee to the Special Assault Unit and a $100 fee to the Kitsap County Expert Witness Fund are improper because those fees are not statutorily authorized. *State v. Hathaway*, 161 Wn. App. 634, 652-53, 251 P.3d 253 (2011). The State concedes that he is correct and that the fees should be stricken.

Eighth, Stevens argues that the trial court erred in failing to give him credit for presentencing jail time served. But the trial court gave him "credit for time served prior to sentencing solely for this cause number as computed by the jail." Petition, Exhibit 1 at 3. Stevens does not show that the jail failed to compute his presentencing jail time or that the Department of Corrections has failed to credit him appropriately.

Ninth, Stevens argues that he received ineffective assistance of appellate counsel for not raising the above issues in his direct appeal. But because we have addressed the merits of those issues and granted relief where appropriate, he does not show that he was actually and substantially prejudiced by his appellate counsel's failure to raise these issues on appeal. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835, 870 P.2d 964 (1994).

Tenth, Stevens argues that the trial court improperly imposed a $1,135 court-appointed attorney fee because he had retained counsel. The State concedes that the fee should be stricken.

Eleventh, Stevens argues that the accumulation of the above errors deprived him of a fair trial and justifies a new trial. But none of the errors go to the fairness of the trial, and they are being corrected through this petition. *State v. Hodges*, 118 Wn. App. 668, 673-74, 77 P.3d 375 (2003).

No. 50677-7-II

Finally, as to Stevens's conviction for sexual exploitation of a minor, the trial court imposed a sentence of 120 months of confinement and 36 months of community custody. Stevens argues that the combination of those terms exceeds the 120-month statutory maximum punishment for the crime. RCW 9A.20.021(1)(b); RCW 9.68A.040(2). The State concedes that he is correct and that under RCW 9.94A.701(9), the term of community custody must be reduced to zero.

We grant Stevens's petition and remand to the trial court to strike or modify the community custody conditions accordingly, correct the scrivener's errors, strike the fees ($500 fee to the Special Assault Unit, $100 fee to the Kitsap County Expert Witness Fund, and $1,135 court-appointed attorney fee), and reduce the term of community custody as addressed above. We deny the remainder of his petition. And we deny Stevens's request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, J.

MAXA, C.J.

4